# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 13 |
| BARBARA E. HARRIS, | ) | Case NO. 17-10560 |
| Debtor ( PRO SE) | ) | Judge: BARNES |

## NOTICE OF MOTION

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 30 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

To the following persons or entities who have been served via Electronic Mail:

None

To the following persons or entities who have been served via U.S. Mail:

See Attached List.

Please take notice that I shall appear before the following named bankruptcy Judge, or any other Judge presiding in his stead at 219 S. Dearborn, Chicago, IL 60604 and in the following courtroom (or any other place posted), and present the attached Motion to modify the change of service of mortgage loan from Citi Mortgage, Inc. to Cenlar Central Loan Administration and Reporting effective April 1, 2019, leaving all terms and conditions to remain the same, only the servicer would change, but: Cenlar has attempted to change the terms and conditions

Judge:  Barnes
Room:  744
Date:  June 27, 2019
Time:  9:30 a.m.

## PROOF OF SERVICE

A COPY OF THIS NOTICE OF Motion and attachments were deposited at the United States Post Office, Homewood, Illinois 60430, with sufficient postage prepaid, by Barbara E. Harris, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

DATE OF SERVICE: May 30, 2019

*Barbara E. Harris*

Barbara  E. Harris, Debtor

PRO SE

Barbara E. Harris

P.O. Box 624

Homewood, IL 60430

(708) 335-0380

To the following persons or entities who have been served via U.S. Mail:

Marilyn O. Marshall Chapter 13 Trustee
224 South Michigan Avenue Suite 800
Chicago, IL 60604-2500

Attorney Timothy R. Yueill
175 North Franklin St. Suite 201
Chicago, IL 60606

U.S. Bankruptcy Trustee
219 S. Dearborn St. Suite 873
Chicago, IL 60604

Centier Bank
600 East 84th Ave.
Merrillville, IN 46410

Heights Finance Corp.
1815 W. 45th St.
Griffith, IN 46319

First National Bank of Omaha
1620 Dodge St. Stop Code 3105
Omaha, NE 68197

Check N" Go
c/o Real Time Resolutions, Inc.
P.O. Box 56607
Dallas, TX 75356-6027

Cenlar Central Loan Administration and Reporting
P.O. Box 77404
Ewing, NJ 08628

Ener Bank USA
1245 East Brickyard Rd., Ste 600
Salt Lake City, UT 84106

World Finance Corp.
c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
P.O. Box 6429
Greenville, SC 29606

Citimortgage
P.O. Box 6030
Sioux Falls, SD 57117-6030

Toyota Motor Credit Corp.
P.O. Box 9013
Addison, TX 75001

Home Depot Loan Services
1797 N. E. Expressway , Ste 100
Atlanta, GA 30329-3614

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**MAY 3 0 2019**

JEFFREY P. ALLSTEADT, CLERK
**INTAKE 2**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 13 |
| BARBARA E. HARRIS, | ) | Case NO. 17-10560 |
| Debtor ( PRO SE) | ) | Judge: BARNES |

### MOTION TO MODIFY CHANGE OF SERVICES OF MORTGAGE LOAN FROM CITI MORTGAGE TO CENLAR CENTRAL LOAN ADMINISTRATION AND REPORTING EFFECTIVE APRIL 1, 2019, TERMS AND CONDITIONS REMAINING THE SAME

Now Comes, Barbara E. Harris, Pro Se to present this Motion, and in support thereof states as follows:

1.) Identify on your monthly statement $12,253.29, this is deferred and comes off the statement October 1, 2019, as long as the mortgage does not show 3 payments of delinquency at the end of any given month

2.) Monthly mortgage statements should be sent mid month allowing for payments to be received by the 1st of the following month.

3.) I received a letter from Cenlar dated 5/16/19, that I applied for a loan modification. I have a loan modification from Citi Mortgage that was recorded 3/28/17. I never applied for a modification from Cenlar.

4.) These are the correct balances after the April and May 2019, payments have been applied properly: I have a fixed rate loan at 3%, mortgage balance $82,191360, escrow balance $2,497.20, deferred $12,253.29 (disallowed 10/2019), interest paid year to date $1,043.83, and taxes paid year to date $2,025.41. All future monthly payments should be applied appropriately to all of the above areas.

WHEREFORE, Barbara E. Harris (Pro Se) respectfully request that this Honorable Court enter an order granting amending the servicing of loan with servicing of terms and conditions remaining the same, and for other such relief as the court deems fair and proper.

Respectfully submitted,

*Barbara E. Harris*

Barbara E. Harris, Debtor

PRO SE

Barbara E. Harris

P.O. Box 624

Homewood, IL 60430

(708) 335-0380

# Exhibits

Please read Notes on each exhibit and review high lighted areas.

1. May 6, 2019 a letter from Citi Mortgage regarding my finalized Modification and service transfer of the Mortgage.

2. Letter of transfer from Citi to Cenlar. (Mortgage transfer of service)

3. Final statement from Citi Mortgage prior to transfering services to Cenlar.

4. Proof of Mortgage payment to Cenlar for April & May 2019.

5. Final payment to Citi prior to transfer.

6. Proof of payment to Citi from Final Modification payment Oct. 2016 – May 2019. (Mortgage payment)

7. proof that the 9-1 Citi Mortgage has been _ _ paid in full.

8. My entire Modification agreement

9. Deferred Cancel of debt forms to file With my taxes 2017 + 2018.

10. page 2 of My Chapter 13 plan dated 7/25/17, it shows I'm responsible for My Mortgage Not the trustee.

11. April + May Mortgage statements from Cenlar Not appropiately appropiating the Monthly Mortgage Money.

12. A letter from Cenlar dated May 16, 2019 stating, that I requested a Modification. I did Not request a Modification. I got a Modification from Citi + it Was recorded March 28, 2017. I have Made No requests of Cenlar.

13. Transfer of escrow money from Citi to Cenlar on April 19, 2019 in the amount of 1,699.10. They need to appropriate the april + May 2019 payments.



May 6, 2019

*See page 2*

Barbara Elaine Harris
P.O. Box 624
Homewood, IL  60430-8624

RE:     Property Address:     17104 Whitman Avenue
                              Hazel Crest, IL  60429

Dear Ms. Harris,

This letter is in response to your inquiry addressed to the Consumer Financial Protection Bureau (CFPB) received on May 1, 2019.  Thank you for allowing our office this opportunity to address your concerns.

This correspondence is for informational purposes only, as this debt may have been included in a bankruptcy action, or may have been discharged.  This is not an attempt to collect, recover, or offset the mortgage indebtedness against you personally.

The correspondence received was regarding the modification finalized on your account in March 2017 and the service transfer of the account.  The complaint filed with the CFPB is substantially similar to the complaint received in our executive office in March 2017.  On April 13, 2017, CitiMortgage issued correspondence to you, which addressed many of these same concerns.  Enclosed is a copy of our response dated April 13, 2017.

Our records reflect in August 2016 you were approved for a Home Affordable Modification Program (HAMP) Trial Period Plan (TPP).  The TPP allowed for a monthly trial payment of principal and interest of $299.43 and an escrow payment of $422.61 for a total monthly payment of $722.04 beginning October 1, 2017, through December 1, 2017.  Please see the enclosed copy of the TPP for your reference.

On March 20, 2017, the terms of the HAMP Agreement were finalized on your account.  The HAMP modification was approved for a Principal Reduction Alternative (PRA), or in other words a deferment in the amount of $36,760.75.  As stated in the modification "You may be eligible to have some of your principal forgiven on a deferred basis.  If you make your monthly mortgage payments on time, we will forgive $12,253.58 of the principal balance of your loan each year on the anniversary of your first trial period payment date for three years.  You will lose this benefit if your modified loan loses good standing, which means that the equivalent of three full monthly payments are due and unpaid on the last day of any month at any time during this three year period, including all accrued and unapplied amounts, even if the mortgage loan is later brought current."  Enclosed is a copy of the signed Home Affordable Modification Agreement.

On April 4, 2017, we received notice you filed for Chapter 13, bankruptcy protection.

Page Two
Harris

On March 15, 2019, correspondence was sent advising effective April 1, 2019, the servicing of your loan would be transferred to CENLAR FSB d/b/a Central Loan Administration and Reporting (CENLAR FSB). Please note all information regarding your account was forwarded to your new servicer following established guidelines. Enclosed is a copy of the March 15, 2019, correspondence.

In April 2019, an Escrow Account Disclosure Statement dated April 1, 2019, was sent. This statement reflects the actual activity in your escrow account from June 1, 2018, through April 1, 2019. Enclosed is a copy of the April 1, 2019, correspondence.

In the correspondence received you state that all payments remitted have not been applied to your account. We have thoroughly researched your account and find that all payments listed in the most recent correspondence received from the CFPB have been received and appropriately applied to your account. We have enclosed a copy of your Mortgage Account Information Statement dated March 14, 2019, and a history of the transactions on your account up to the service transfer of your account to CENLAR FSB. At the time of the service transfer your account reflected a paid to date of March 1, 2019, with an outstanding principal balance of $83,388.69 and a deferred balance of $12,253.59.

On April 11, 2019, due to the service transfer, your bankruptcy was closed and removed from a *9-1 Claim pd off, debter pays mtg in 13 plan* bankruptcy status with us. *+ Cenlar is mey servicer, mtg is current.* To the extent your obligation has been discharged or is subject to an automatic stay of bankruptcy order under title 11 of the United States code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or an attempt to collect any such obligation.

As noted in the March 15, 2019 correspondence, effective April 1, 2019, CitiMortgage is no longer the servicer of your loan, and you will need to contact the new servicer CENLAR FSB regarding any loss mitigation or servicing assistance. CENLAR FSB may be reached at 1-855-839-6253. Representatives are available Monday through Friday 8:30 a.m. to 8:00 p.m., ET, and Saturday 8:30 a.m. to 5:00 p.m. ET.

To otherwise contact us, you may access our Automated Account Information Line, which is available 24 hours a day at 1-800-283-7918*. When you contact us, please refer to mortgage account number 5001353011.

Sincerely,

*Colleen Hacker*

Colleen Hacker
Executive Response Unit

Enclosures

cc:    Consumer Financial Protection Bureau

*Loan Transfer from Citi to Cenlar*

**citi**mortgage



Dear CitiMortgage Client(s):        CitiMortgage Account Number: 5001353011

When it comes to your mortgage, you want a simple, easy experience. From payments and insurance to escrow and year-end tax statements, you want access to important information when you want it, so you can get back to living your life with the full confidence your home loan is in good hands.

We are proud of the service we provide to mortgage customers. To continue this tradition, we have entered into an agreement with Cenlar FSB d/b/a Central Loan Administration & Reporting ("Cenlar FSB"), where CitiMortgage will utilize Cenlar FSB to perform various servicing functions. For decades, Cenlar FSB has specialized in caring for mortgage customers. Simply put, this is all they do, and they do it extraordinarily well.

**ACTION NEEDED**
**Beginning April 1, 2019, in the event you voluntarily elect to make mortgage payments, please continue to make payments according to your bankruptcy plan (if applicable). Otherwise, effective April 1, 2019, all payments should be sent to Cenlar FSB directly. To reach Cenlar FSB, please call 1-855-839-6253 or go online at www.loanadministration.com.**

**Your new Cenlar FSB Account number: 4771907906**

After the transfer of your mortgage servicing, Cenlar FSB will be your new contact for all questions related to payments, escrow, insurance and other details of your mortgage account. The Notice of Servicing Transfer required by federal law is enclosed and includes contact information.

Thank you for allowing CitiMortgage to service your home mortgage needs.

Sincerely,                          Sincerely,

CitiMortgage, Inc.                  Cenlar FSB

Enclosure

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you are in active bankruptcy, this notice is for informational purposes only and is not an attempt to collect a debt in violation of the bankruptcy automatic stay. Your loan will be administered in your bankruptcy case. You have no affirmative obligation to respond to this notice.

**NOTICE REGARDING DEBT DISCHARGED IN BANKRUPTCY** -- This notice is for informational purposes only and is not an attempt to collect a debt for which your personal liability has been discharged in bankruptcy. You no longer have any personal liability in connection with this mortgage loan and nothing in this notice is intended to state or imply otherwise. This notice is being sent with respect to our lien interest in the mortgaged property only. Any action taken is for the sole purpose of protecting our lien interest in the mortgaged property including the right to foreclose the mortgaged property. If you wish to retain your property, you may pay the amount due under the loan. Failure to make such payments to retain your property may only result in our exercising any lien rights against the mortgaged property and will not result in any personal liability to you.



©2019 Citigroup Inc. All rights reserved. Citi, Citi and Arc Design and other marks used herein are service marks of Citigroup Inc. or its affiliates, used and registered throughout the world. *Calls are randomly monitored and recorded to ensure quality service.

BUS1008813.75272

*Loan Transfer*

## NOTICE OF SERVICING TRANSFER

The servicing of your mortgage loan is being transferred effective April 1, 2019. This means that after this date a new servicer will be collecting your mortgage loan payments from you. Nothing else about your mortgage loan will change.

CitiMortgage, Inc. is now collecting your payments. CitiMortgage, Inc. will stop accepting payments received from you after March 31, 2019.

Central Loan Administration & Reporting will collect your payments going forward. Your new servicer will start accepting payments received from you on April 1, 2019.

**Send all payments due on or after April 1, 2019, to Central Loan Administration & Reporting at this address: Payment Processing Center P.O. Box 11733, Newark, NJ 07101-4733.**

If you have any questions for either your present servicer, CitiMortgage, Inc., or your new servicer, Central Loan Administration & Reporting, about your mortgage loan or this transfer, please contact them using the information below:

| Current Servicer: | New Servicer: |
|---|---|
| CitiMortgage, Inc. | Central Loan Administration & Reporting |
| Attention:  Customer Research Team | P.O. Box 77404 |
| P.O. Box 6243 | Ewing, NJ 08628 |
| Sioux Falls, SD 57117-6243 | 1-855-839-6253 |
| 1-800-283-7918* | |

**OPTIONAL INSURANCE - SOME WILL TRANSFER, SOME WILL NOT:**
Important note about insurance: If you have mortgage life or disability insurance or any other type of optional insurance, the transfer of servicing rights may affect your insurance in the following way: If your monthly payment includes a collection of premium for optional insurance with the following companies - Affinion Group/Benefit Consultants, Minnesota Life, NUFIC Insurance Company, ACE Financial, Securian Life/Northstar, Protective Life or Popular Insurance Company, Cenlar will collect the premium for your optional insurance product. Please continue to remit the premium with your payment. If your monthly payment includes a collection of premium for optional insurance with the following company, Assurant, you should do the following to maintain coverage: Contact your insurance provider to make arrangements for you to remit your insurance premium directly to the provider.

Important note about optional products: If you have other optional products, the transfer of servicing rights may affect your products in the following way: The transfer of servicing is not affecting your optional products. The fees for your optional product will be collected by Central Loan Administration & Reporting as part of your mortgage payment. You should do the following to maintain coverage: Continue to include your optional product fees as part of your mortgage payment.

**HOME AFFORDABLE MODIFICATION PROGRAM:**
If you previously accepted an offer for financial counseling under HAMP and have not completed your counseling sessions, you may continue to receive financial counseling with your existing counselor even after the loan is transferred.

Under Federal law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer on or before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

CitiMortgage, Inc.                                                     03/15/2019
Cenlar FSB

For New York Accounts Only: You may file complaints about the servicing of your mortgage loan by CitiMortgage, Inc. with the New York State Department of Financial Services. You may obtain further information from the New York State Department of Financial Services by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you are in active bankruptcy, this notice is for informational purposes only and is not an attempt to collect a debt in violation of the bankruptcy automatic stay. Your loan will be administered in your bankruptcy case. You have no affirmative obligation to respond to this notice.

**NOTICE REGARDING DEBT DISCHARGED IN BANKRUPTCY** – This notice is for informational purposes only and is not an attempt to collect a debt for which your personal liability has been discharged in bankruptcy. You no longer have any personal liability in connection with this mortgage loan and nothing in this notice is intended to state or imply otherwise. This notice is being sent with respect to our lien interest in the mortgaged property only. Any action taken is for the sole purpose of protecting our lien interest in the mortgaged property including the right to foreclose the mortgaged property. If you wish to retain your property, you may pay the amount due under the loan. Failure to make such payments to retain your property may only result in our exercising any lien rights against the mortgaged property and will not result in any personal liability to you.

*Citi owns loan Cenlar is the Servicer.*

Date: 08/16/2016
Page 3
Account Number: 5001353011

| | NPV INPUT DATA FIELDS AND VALUES | |
|---|---|---|
| **Input Data Fields** | **Explanation** | **Value used in NPV calculation to determine the HAMP eligibility of your mortgage** |
| | **III. Mortgage Information** | |
| 9. Occupancy | This field uses codes to identify the occupancy of the property for which you are applying for a HAMP modification. The servicer will for owner-occupied properties use a code of 1, 3 or 4 and for non-owner-occupied properties will use a code of 2. | 3 |
| 10. Property - Monthly Gross Rental Income | This field only applies if your application for a HAMP modification is for a property that is not your principal residence.<br><br>This field identifies the monthly gross rental income from the property for which you are applying for a HAMP modification. | $0.00 |
| 11. Data Collection Date | This field identifies the date on which the Unpaid Principal Balance and other data used in the NPV analysis was collected by us. | 08/12/2016 |
| 12. Imminent Default Flag | This field indicates your default status at the time you asked to be evaluated for HAMP. If you have not missed any payments or less than two payments are due and unpaid by the end of the month in which they are due, you are considered to be in imminent default and the value in this field is "Y". If two or more payments are due and unpaid by the end of the month in which they are due at the time of application, the value in this field is "N". | N |
| 13. Investor Code | This field identifies the owner of the mortgage for which you are applying for a HAMP modification.<br><br>1).  Fannie Mae<br>2).  Freddie Mac<br>3).  Owned by a private investor other than us, your servicer<br>4).  Owned by us, your servicer or an affiliated company<br>5).  Ginnie Mae | 4 |
| 14. Unpaid Principal Balance at Origination | This field identifies the amount of the mortgage for which you are applying for a HAMP modification at the time it was originated (i.e., the amount you borrowed). | $149,000.00 |
| 15. First Payment Date at Origination | This field identifies the date the first payment on the mortgage for which you are applying for a HAMP modification was due after it was originated. | 03/04/2002 |

# Mortgage Account Information

**citi**

| | |
|---|---|
| Account Number: | 5001353011-3 |
| Payment Date: | 04/01/19 |
| **Payment Amount:** | **$706.11** |

**Statement Date:** 03/14/19
How to reach us
www.citimortgage.com
**BANKRUPTCY SERVICE CENTER:** 1-866-613-5636*
Please reference your account number 5001353011 when calling.
*Calls are randomly monitored and recorded to ensure quality service.

## Explanation of Payment Amount
### (Post-Petition Payment)

| | |
|---|---|
| Principal | $98.59 |
| Interest | $208.47 |
| Escrow | $399.05 |
| **Total Payment Amount** | **$706.11** |

The Payment Amount does not include amounts that were past due before you filed for bankruptcy protection. The information in this section reflects post-petition payments due under the bankruptcy plan.

## Account Information

BARBARA ELAINE HARRIS
Property Address: 17104 WHITMAN AVENUE
HAZEL CREST, IL 60429

| | |
|---|---|
| Type of Mortgage | FIXED RATE LOAN |
| Outstanding Principal Balance | $83,388.69 |
| Interest Rate | 3.00000% |
| Escrow Balance | $1,699.10 |
| Deferred Balance | $12,253.59 |
| Interest Paid Year to Date | $626.89 |
| CitiMortgage Taxes Paid Year to Date | $2,025.41 |

## Past Payments Breakdown

| | Paid Since 02/20/19 | Paid Year to Date |
|---|---|---|
| Principal | $196.44 | $294.29 |
| Interest | $417.68 | $626.89 |
| Escrow | $798.10 | $1,197.15 |
| Total | $1,412.22 | $2,118.33 |

*The above is where Cenlar should start applying May & April 2019 payments*

## Transaction Activity (02/21/19 to 03/14/19)

*Regular payments*

| Date | Description | Charges/Adjustments | Payments |
|---|---|---|---|
| 02/28/19 | Post-Petition Partial Payment Received - Thank you | | $706.11 |
| 02/28/19 | Post-Petition Partial Payment Received - Thank you | | -$706.11 |

TO THE EXTENT THE OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS STATEMENT IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.

Important messages continued on the next page
To ensure timely processing, please enclose your check and the coupon below in the envelope provided.

---

**citi** ®

P.O. Box 6243
Sioux Falls, SD 57117-6243

**Mortgage Statement Enclosed**

Account Number: 5001353011-3

Please designate how you want us to apply any additional funds. Undesignated additional funds are applied in the following order: 1) late charges and/or fees, 2) principal. Once paid, additional funds cannot be returned.
Do not include cash or account inquiries with your payment.
Please see reverse side for mailing address and phone number changes.

**Total Amount For 04/01/19:** **$706.11**

| | |
|---|---|
| Additional Principal: | $ |
| Additional Escrow: | $ |
| Additional Late Charges: | $ |
| Additional Monthly Payment: | $ |
| Total Amount Enclosed | $ |

00000112 1    J0501800 DTF 00000112

BARBARA ELAINE HARRIS
PO BOX 624
HOMEWOOD IL 60430-8624

Include account number on check. Make payable to CitiMortgage, Inc.

CITIMORTGAGE, INC.
PO BOX 9001067
LOUISVILLE KY 40290-1067



17500 0070611 0070611 0070611 0000005001353011 0009

## Mortgage Account Information



ACCOUNT NUMBER: 5001353011-3

*Regular payments*

### Transaction Activity (02/21/19 to 03/14/19)

| Date | Description | Charges/Adjustments | Payments |
|------|-------------|---------------------|----------|
| 02/28/19 | Post-Petition Partial Payment Received - Thank you | | $706.11 |
| 03/14/19 | Post-Petition Partial Payment Received - Thank you | | $706.11 |
| 03/14/19 | Post-Petition Partial Payment Received - Thank you | | -$706.11 |
| 03/14/19 | Post-Petition Partial Payment Received - Thank you | | $706.11 |

### Important Messages

If you no longer wish to receive statements, please send a written request to the following address: **1000 Technology Drive, MS 100 Opt Out/In, O'Fallon, MO 63368**
If you later choose to resume delivery of statements, you must do so in writing to the above address. Please be aware that we cannot resume delivery of statements if such delivery was halted by a Bankruptcy Court order.

To the extent fees are included in the Payment Amount, the fees may be claimed in a supplemental Notice of Fees, Expenses, and Charges. If the fees are not claimed in a supplemental notice, the fees will be waived in a subsequent statement.

The mortgage debt has been modified by an Order in the bankruptcy proceeding. The Explanation of Payment Amount section is based upon the terms of that Order.

If the outstanding principal balance is less than the monthly contractual amount, you may contact us to receive the final payoff amount.

For routine questions regarding the servicing of your mortgage loan, please call our Customer Service department at 1-800-283-7918.
If you have a complaint or concern that you have been subjected to unfair lending practices in relation to a mortgage loan or other financial product or service that you obtained through our company or a third party, please call our Fair Lending Hotline at 1-866-309-1054.

This is confirmation of your 03/13/19 phone pay transaction in the amount of $706.11.

This is confirmation of your 02/27/19 phone pay transaction in the amount of $706.11.

TO THE EXTENT THE OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS STATEMENT IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.

# Summary of Amount Past Due Before Bankruptcy Filing

**citi**

## Summary of Amount Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

Paid Last Month: $0.00
Total Paid During Bankruptcy: $513.80
Current Balance: $1,067.28

*9-1*
*Claim*
*paid*
*see receipts*

If you had any unpaid amounts on the account prior to filing bankruptcy, this section shows amounts that were past due when you filed for bankrutpcy. This amount is separate from the regular monthly mortgage payments. Please note: This amount will not be finalized until a proof of claim has been filed and/or when the bankruptcy plan has been confirmed. This section may include post-petition payments (i.e. gap payments) due under Local Rule or if included within the bankruptcy plan. This amount may also reflect Agreed or Consent Orders which are being paid through the bankruptcy plan. Please contact your attorney with any questions regarding this amount.

TO THE EXTENT THE OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO AN AUTOMATIC STAY UNDER TITLE 11 OF THE UNITED STATES CODE, THIS STATEMENT IS FOR COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT ANY SUCH OBLIGATION.



**CUSTOMER'S RECEIPT**

UNITED STATES POSTAL SERVICE

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Serial Number 2561142704S

Pay to: Cenlar loan Adm Reporting Payment processing Center
Address: P.O. Box 11733
Newark, NJ 07101-4733

Year, Month, Day 2019-05-04  Post Office 463662
Amount $706.11  Check Print 2463 1887

KEEP THIS RECEIPT
RECEIPT FOR
YOUR RECORDS

Recd 4771907704  Mail

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

NEWARK, NJ 07101

Certified Mail Fee  $3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $ $0.00
☐ Return Receipt (electronic)  $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required  $ $0.00
☐ Adult Signature Restricted Delivery  $

Postage  $0.55

Total Postage and Fees  $4.05

Postmark Here  05/04/2019

Sent To Cenlar central loan Adm Report
Street and Apt. No., or PO Box No. payment Processing Center
P.O. Box 11733
City, State, ZIP+4® Newark, NJ 07101-4733

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

7017 3380 0000 2463 1887

0581 11

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

NEWARK, NJ 07101

Certified Mail Fee  $3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $ $0.00
☐ Return Receipt (electronic)  $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required  $ $0.00
☐ Adult Signature Restricted Delivery  $

Postage  $0.55

Total Postage and Fees  $4.05

Postmark Here  04/13/2019

Sent To Central loant Adm Reporting process center
Street and Apt. No., or PO Box No. P.O. Box 11733
City, State, ZIP+4® Newark, NJ 07101-4733

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

7018 0680 0001 6224 0397

0427 08  p44

---

april + May 2019
payments Mailed to
Cenlar. These payments
need to be applied
properly.



RECIBO RECEIPT

11005283316

DATE/AMOUNT
Cenlar Inf apl + May 2019 $706.11

PLEASE READ REVERSE SIDE

PLS CHECK/CASHIERS CK LENDER PROC. INC.
TO VERIFY — CALL (866) 964-375_

11005283316  04/13/2019  $706.11

CitiMortgage, Inc.
PO Box 790005
St. Louis MO 63179-0005

# citi

www.citimortgage.com

*March 2019 last payment*
03/13/19 *Sent to Citi Mtg. before Transfer.*

00000628 BB 1OZ 072 DFL0145D AM1 581

BARBARA ELAINE HARRIS
PO BOX 624
HOMEWOOD IL 60430-8624

00000488
L203

RE: Property Address:      17104 Whitman Avenue
                           Hazel Crest, IL 60429
     CitiMortgage Loan#: 5001353011

Dear CitiMortgage Client(s):

This letter is to confirm your authorization of a payment arrangement on the above referenced loan.

Pursuant to our agreement on 03/13/19, the payment schedule is as follows:

Drawn On: TCF National Bank
Bank Account Ending In: 2862
Payment Amount: $706.11
Fee Amount: $0.00
Confirmation Number: 602907928120744

Per our agreement, the above noted funds will be debited from your bank account. Please note that your payment will be processed as a check transaction. Please retain this letter as documentation regarding the transaction. You may also visit our website www.citimortgage.com for more detail information.

If you have questions regarding this letter or if you are concerned with how we have handled your account, please call us at 1-866-272-4749 Monday – Thursday 7:00 a.m. - 8:00 p.m. CT, Friday 7:00 a.m. – 6:00 p.m. CT, and Saturday 7:00 a.m. - 11:00 a.m. CT or e-mail us at: eru_support@citi.com. You may also contact us via mail at: CitiMortgage, Inc., 1000 Technology Drive, MS 514, O'Fallon, MO 63368.

Sincerely,

CitiMortgage, Inc.

## NOTICES

© 2018 Citigroup Inc. All rights reserved. Citi, Citi and Arc Design and other marks used herein are service marks of Citigroup Inc. or its affiliates, used and registered throughout the world

(1)

Proof of Mortage payments
from Trial Modification Oct.
2016 — May 2019.
Citi Mortagage account 500135301l-3

① Money order 9075377589  9/25/16  722.04
② TCF Bank 11/1/16   722.06  CK pay 1936
over phone draft

③ TCF Bank  12/2/16  722.06  CK pymt 1940
over phone draft

④ TCF Bank 1/3/17  725.12  CK pymt 1958
over phone draft

⑤ TCF Bank  2/6/17  725.12  CK pymt 1975
over phone draft

⑥ TCF Bank  3/3/17  729.67  CK pymt 2003
over phone draft

⑦ TCF Bank  4/4/17  729.67  CK pymt 2031
over phone draft

⑧ TCF Bank  5/5/17  687.76
over phone draft  con. #6023210255586984

②

⑨ Money order # 4275969  6/2/17
687.76

⑩ Money order # 534353   7/3/17
687.76

⑪ Money order # 8075012673 8/3/17
703.46

⑫ Money order # 537952   9/2017
703.46          9/1/17

③ TCF Bank   Oct. 2017  CKpymt 7736
753.46        10/16/17

④ TCF Bank   Nov. 2017   703.46
Conf # 60250157596429   12/4/17

⑤ TCF Bank   12/29/17    703.46
Conf # 602526631195682

⑯ TCF Bank   Jan. 2018  CKpymt 9520
703.46         1-31-18

⑰ TCF Bank   Feb. 2018  CKpymt 8716
803.46        2/7/18

3



18) TCF Bank   March 2018   CK pymt 2107
    703.46                    3/5/18

19) TCF Bank   April 2018   CK pymt 2122
    703.46                    4/4/18

20) TCF Bank   May 2018   CK pymt 2140
    725.96                    5/2/18

21) TCF Bank   June 2018   CK pymt 2223
    710.61                    6/4/18

22) July 2018   Money order 631629   710.61
                             pd 7/9/18

23) August 30, 2018   TCF Bank   CK pymt
    7433   Ref # 82237965        $706.11

24) For Sept. pd 10/1/18   TCF Bank   ckpymt
    H810   Ref # 83606746        $706.11

25) Oct. 2018   TCF Bank   CK pymt 2162   706.11
                             11-5-18

26) Nov 2018   TCF Bank   CK pymt 6389   706.11
                11/29/18

27  Dec. 2018 Money order 1100763989   12/18/18
                                        706.11

④

28) TCF Bank   Jan. 2019    706.11
    Ref # 834 1199 4    7/31/19 Pd

29) TCF Bank   Feb. 2019    706.11
    Ref # 6028 9576 4620534   2/27/19

30) TCF Bank  March 13th 2019   706.11
    Ref # 6029 079 281 20744

31) April 2019  Money order 1100528 316
    706.11    4/13/19

32) May 2019  Money order united states Postal Service
    # 25611427045   706.11   5/4/2019

*Citi Mtg. Claim that been paid off.*

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 17-10560 |
| Debtor 1: | Barbara E Harris |
| Debtor 2: | |
| Last 4 digits to identify: | 3 0 1 1 |
| Creditor: | CitiMortgage, Inc. |
| Servicer: | |
| Fixed accrual/daily simple interest/other: | Fixed Accrual |

## Part 2: Total Debt calculation

| | |
|---|---|
| Principal balance: | $85,589.61 |
| Interest due: | $14.07 |
| Fees, costs due: | $0.00 |
| Other: Deferred Principal Balance | $36,760.75 |
| Other: | $0.00 |
| Other: | $0.00 |
| Other: | $0.00 |
| Escrow deficiency for funds advanced: | $0.00 |
| Less total funds on hand: – | $845.22 |
| Total debt | $121,519.21 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal and interest due: | $0.00 |
| Prepetition fees due: | $0.00 |
| Escrow deficiency for funds advanced: | $0.00 |
| Other: | $0.00 |
| Other: | $0.00 |
| Projected escrow shortage: | $1,581.08 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $1,581.08 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | $307.06 |
| Monthly escrow: | $380.70 |
| Private mortgage insurance: | $0.00 |
| Option payment Plan: | $0.00 |
| Total monthly payment: | $687.76 |

(done) 10/2017  12,253.59  Debt Canceled

(done) 10/2018  ''  ''

(4th Coming) 10/2019  ''  ''

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )      BK No.:   17-10560
Barbara E. Harris                         )
                                          )
                                          )      Chapter:  13
                                          )      Honorable Timothy A. Barnes
                                          )
          Debtor(s)                       )

**Order Modifying Plan**

This cause coming to be heard on the Amended Motion Motion to Modify Chapter 13 Plan
Dated July 25, 2017 [Docket No. 57] (the "Motion");

IT IS HEREBY ORDERED THAT:

1. The plan is continued for the remaining 25 months.

2. Toyota Motor Credit Corporation is to be paid $478.00 per month for their claim.

3. CitiMortgage, Inc. shall no longer be paid for Claim 9-1, as their claim (including attorney fees)
has been satisfied and paid in full.

Enter:

Dated:  **2 6 APR 2018**              United States Bankruptcy Judge

**Prepared by:**

COPY

*proof 9-1 Citi Mtg. Claim pd off*





Proof 9-1 Citi Mtg. Claim Pd off.





REPRESENTATION OF PRINTED DOCUMENT

*Satisfied q-1 Bankruptcy CLAIM BY Citi Mtg*

Loan #:  5001353011

| TRANSACTION AMOUNT | PRINCIPAL | INTEREST | ESCROW | LATE CHARGE | OTHER AMTS. |
|---|---|---|---|---|---|
| 03/23/18  SINGLE RECEIPT | | | | | |
| 0.00 | 0.00 | 0.00 | 454.00 | 0.00 | 0.00 |
| 03/27/18  PAYMENT   - HAM LENDER LOSS SHRG | | | | | |
| 83.56 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 03/27/18  SINGLE RECEIPT | | | | | |
| 1705.53 | 0.00 | 0.00 | 1705.53 | 0.00 | 0.00 |
| 03/27/18  PAYMENT   - BANKRUPTCY ATTY FEE | | | | | |
| 715.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/06/18  SINGLE RECEIPT | | | | | |
| 703.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/06/18  SINGLE RECEIPT | | | | | |
| -703.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/06/18  SINGLE RECEIPT | | | | | |
| 703.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/06/18  PAYMENT -  PAID TO: 04/01 | | | | | |
| 0.00 | 95.68 | 211.38 | 396.40 | 0.00 | 0.00 |
| 04/11/18  ESCROW REFUND | | | | | |
| -469.35 | 0.00 | 0.00 | -469.35 | 0.00 | 0.00 |
| 04/27/18  PAYMENT   - HAM LENDER LOSS SHRG | | | | | |
| 83.56 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/27/18  SINGLE RECEIPT | | | | | |
| 454.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/27/18  SINGLE RECEIPT | | | | | |
| 0.00 | 0.00 | 0.00 | 454.00 | 0.00 | 0.00 |
| 05/07/18  SINGLE RECEIPT | | | | | |
| 725.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/07/18  SINGLE RECEIPT | | | | | |
| -725.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/07/18  SINGLE RECEIPT | | | | | |
| 725.96 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/07/18  PAYMENT -  PAID TO: 05/01 | | | | | |
| 0.00 | 95.92 | 211.14 | 418.90 | 0.00 | 0.00 |
| 05/25/18  PAYMENT   - HAM LENDER LOSS SHRG | | | | | |

INTERNET REPRINT

*Proof of my modification.*
*See Pages 3 and 4*

Doc#. 1708757010 Fee: $70.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 03/28/2017 09:24 AM Pg: 1 of 12

APN: 28253020150000

Loan #: 5001353011

After Recording Return To:
CitiMortgage, Inc.
1000 Technology Drive, MS 420R
O'Fallon, MO 63368-2240
Doc Prep/Booking & Closing

This document was prepared by: Geetanjali Mahant
On behalf of.
CitiMortgage, Inc.
1000 Technology Drive, MS 420R
O'Fallon, MO 63368-2240

**Original Principal Amount: $ 149,000.00**
**Unpaid Principal Amount: $ 108,394.80**
**New Principal Amount: $ 122,535 83**
**New Money (Cap): $ 0.00**

_____ **[Space Above This Line For Recording Data]** _____

### HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower(s) ("I"): BARBARA ELAINE HARRIS, AN UNMARRIED WOMAN
Lender or Servicer ("Lender"). **CitiMortgage, Inc. successor by merger to CitiFinancial Mortgage Company, Inc.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note 01/29/02 and recorded on 02/11/02 in BOOK OR LIBER na, PAGE(S) na, DOCUMENT # 0020172380 and rerecorded on 02/15/02 in BOOK OR LIBER **na**, PAGE(S) **na**, DOCUMENT # **0020189530** on the public Records of **COOK** and Illinois
Property Address ("Property"): **17104 WHITMAN AVENUE, HAZEL CREST, ILLINOIS 60429.**

Legal Description: SEE ATTACHED LEGAL DESCRIPTION

If (i) my representations and covenants in Section 1 continue to be true in all material respects, (ii) all preconditions to the modification set forth in Section 2 have been met, and (iii) I meet all Home Affordable program eligibility requirements, then this Home Affordable Modification Agreement ("Modification Agreement") will amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Modification Agreement and not defined have the meaning given to them in the Loan Documents. If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words that signify the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

I understand that after I sign and return two copies of this Modification Agreement to the Lender, the Lender will send me a signed copy of this Modification Agreement. This Modification Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree.

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B.  One of the borrowers signing this Modification Agreement lives in the Property as a principal residence, and the Property has not been condemned;

C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death or marriage;

D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Modification Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

H.  I have provided to Lender a Streamline HAMP Affidavit which attests to my qualification for the Home Affordable Modification Program ("Program").

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.  If prior to the Modification Effective Date (as defined in Section 3), the Lender determines that any of my representations herein are no longer true and correct or any covenant by me has not been performed, the Loan Documents will not be modified and this Modification Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Modification Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Modification Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **02/01/17** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **03/01/17.**

A.  **Unpaid Principal Balance.** As of February 1, 2017, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$122,535.83** consisting of the unpaid amounts loaned to Borrower, previously deferred amounts, if any, plus any interest and other amounts capitalized.

B.  **Waived or Forgiven Late Charges.** For and in consideration of the modification of the loan as described herein, Lender has agreed to waive or forgive accrued, unpaid late charges subject to the Borrower's compliance with the terms of this Modification Agreement. The total amount of accrued, unpaid late charges waived or forgiven is U.S. **$0.00.**

C. **Deferred Principal Balance.** For and in consideration of the modification of the loan as described herein, Lender has agreed to defer a portion of the Unpaid Principal Balance in an amount equal to **$0.00** ("Deferred Principal Balance"). The Deferred Principal Balance, if any, is in addition to the Modified Principal Balance and shall continue to be due and owing by Borrower to Lender; provided, however, Lender agrees that for so long as Borrower makes the principal and interest payments in a timely manner and ultimately pays the Deferred Principal Balance to the extent obligated under the terms of the Note or Security Instrument, which if not sooner demanded, shall be due and payable upon the earlier of any voluntary loan payoff or on the Maturity Date, when the final balloon payment will become due and payable. **Prior to the earlier of any voluntary loan payoff or the Maturity Date,** Lender will not seek to enforce its security interest under the terms of the Security Instrument solely for failure to pay the Deferred Principal Balance.

D. **Principal Reduction Alternative.** You qualify for a total Principal Reduction Alternative in the amount of **$36,760.75.** You may be eligible to have some of your principal forgiven on a deferred basis. If you make your monthly mortgage payments on time, we will forgive **$12,253.58** of the principal balance of your loan each year **on the anniversary of your first trial period payment date for three years.** You will lose this benefit if your modified loan loses good standing, which means that the equivalent of three full monthly payments are due and unpaid on the last day of any month, at any time during this three year period, including all accrued and unapplied amounts, even if the mortgage loan is later brought current. Any principal forgiveness will be reported to the Internal Revenue Service and may have tax consequences. Therefore, you are advised to seek guidance from a tax professional. **YOU MAY HAVE TO REPORT THE MORTGAGE FORGIVENESS ON YOUR TAX RETURN AND PAY INCOME TAX ON THIS MORTGAGE FORGIVENESS AMOUNT. SEE SECTION 5. TAX. PLEASE CONSULT A TAX ADVISOR.**

E. **Modified Principal Balance.** Borrower acknowledges that the Modified Principal Balance payable under the Note and the Security Instrument shall be calculated as set forth below:

| | |
|---|---|
| i. Principal Balance | $ 108,394.80 |
| ii. Accrued unpaid Interest | $ 6,607.45 |
| iii. Accrued unpaid late charges | $ 0.00 |
| iv. Advances regarding delinquent real estate taxes or to pay insurance premiums | $ 7,533.58 |
| v. Appraisal fees, attorneys fees, costs, foreclosure or other legal expenses and advances regarding prior lien-holder or other claims | $ 0.00 |
| vi. Previously deferred amounts | $ 0.00 |
| Total (the "Unpaid Principal Balance Section 3(A)) | $ 122,535.83 |

Less:

| | |
|---|---|
| Forgiven Late Charges from Section 3(B) | $ 0.00 |
| Deferred Principal Balance from Section 3(C) | $ 0.00 |
| Principal Reduction Alternative from Section 3(D) | $ 36,760.75 |
| Forgiven fees included in Section 3(E) | $ 0.00 |

Plus:

| | |
|---|---|
| Advances to establish initial escrow account, if any | $ 0.00 |
| Total (the "Modified Interest bearing Principal Balance") | $ 85,775.08 |

*Handwritten annotations:*
- Left margin (vertical): only $83,191.51 principal balance + each month 706.11 is due. The monthly will vary according to the taxes + insurance.
- Next to Principal Reduction Alternative: deferred, 10/17, 10/18 + 10/19
- Next to Total: Balance after the May 2019 payment applied, $83,191.51

**F. Repayment Terms.** Borrower promises to pay the Modified Principal Balance, plus interest and the Deferred Principal Balance, to the order of Lender as set forth below:

1) The Maturity Date is **02/01/57**. If on the Maturity Date Borrower still owes amounts under the Note and Security Instrument, as amended by this Modification Agreement, Borrower will pay these amounts in full on the Maturity Date.

2) The interest rate will begin to accrue as of **02/01/17** and the first new monthly payment on the Modified Principal Balance will be due on **03/01/17**.

3) **$36,760.75** of the Unpaid Principal Balance shall be deferred and will be treated as a non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Principal Balance. In addition, **$36,760.75** of the Deferred Principal Balance is eligible for forgiveness (the "Deferred Principal Reduction Amount"). Provided I am not in default on my new payments such that the equivalent of three full monthly payments are due and unpaid on the last day of any month, on each of the first, second and third anniversaries of **10/01/2016**, the Lender shall reduce the Deferred Principal Balance of my Note in installments equal to one-third of the Deferred Principal Reduction Amount. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule. The Unpaid Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$85,775.08**. Interest at the rate of 3.00000% will begin to accrue on the Interest Bearing Principal Balance as of **02/01/17** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **03/01/17**. My payment schedule for the modified Loan is as follows until the loan reaches the Maturity Date of **02/01/57** when the final balloon payment will become due and payable. **$0.00** of the Interest Bearing Principal Balance shall be an interest bearing balloon (the "balloon") and I will pay interest on this amount in my monthly modified payment

*Escrow Should at least be $422.00* [handwritten annotation]

| Years | Int Rate | Int Rate Change Date | Monthly Principal and Int Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|----------|----------------------|------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1 - 40 | 3 000% | 02/01/17 | $ 307.06 | $ 422.61, may adjust periodically | $ 729.67 May adjust periodically | 03/01/17 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

Any terms of the Note or Security Instrument which would result in any further interest rate reduction, including without limitation a Timely Payment Rewards program, or Smart Step program, are hereby deleted and will not be applicable to the Note as modified herein. Further, any terms of the Note or Security Instrument which provide for an adjustment of the interest rate are hereby deleted.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

I further understand that, provided I am not in default under the terms of this Modification Agreement and I pay my Note in full (i) any time more than 30 calendar days after the Modification Effective Date, and (ii) prior to the application of the entire Deferred Principal Reduction Amount, I shall be fully vested in and entitled to the unapplied amount of the Deferred Principal Reduction Amount and the unapplied amount shall be deducted from my payoff balance. Any deferred principal forgiveness may be reported to the Internal Revenue Service which may have tax consequences. Therefore, you are advised to seek guidance from a tax professional.

The deferred principal balance will be treated as a non-interest bearing principal forbearance. Borrowers will not pay interest or make monthly payments on the Deferred Principal Balance.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATIED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

1) I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Modification Agreement.

2) I agree to pay in full the Deferred Principal Balance less any Deferred Principal Reduction Amount to which I am entitled, and any other amounts still owed under the Loan Documents by the earliest of. (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4.    **Additional Agreements.** I agree to the following:

A    That all persons who signed the Loan Documents or their authorized representative(s) have signed this Modification Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the Lender has waived this requirement in writing.

B.    That this Modification Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.    To comply, except to the extent that they are modified by this Modification Agreement, with all covenants, Agreements, and requirements of Loan Documents including my Agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.    **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Modification Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a

covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Modification Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4 D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E.  That the Loan Documents as modified by this Modification Agreement are duly valid, binding Agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Modification Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Modification Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer.  If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Modification Agreement, to a transferee of my property as permitted under the Garn St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Modification Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.   That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void. Borrower has the right to make payments of Principal at any time before they are due. A payment of principal only is known as a "Prepayment". When Borrower makes a Prepayment, Borrower will tell the Lender in writing that Borrower is doing so. Borrower may not designate a payment as a Prepayment if Borrower has not made all the monthly payments due under the mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note") as herein modified.
     If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the principal and interest payment or term unless Lender agrees in writing to those changes

J.   That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or Subordination Agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Modification Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination Agreement(s), then the terms of this Modification Agreement will not become effective on the Modification Effective Date and the Modification Agreement will be null and void.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Modification Agreement if an error is detected after execution of this Modification Agreement. I understand that either a corrected Modification Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Modification Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Modification Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L.   That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity.   In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Modification Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

M.  That Borrower will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Modification Agreement; or (ii) correct the terms and conditions of this Modification Agreement if an error is detected after execution of this Modification Agreement.  I understand that a corrected Modification Agreement or a letter Agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Modification Agreement, and I will not be eligible for a modification.

N.  That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the Modified Principal Balance

O.  I acknowledge that the Deferred Principal Balance set forth above may or may not be reflected in the loan amount reported by Lender to any credit reporting agency or reported as part of the balance on any receipt or statement issued by Lender, but nevertheless I acknowledge that such Deferred Principal Balance is due and payable as set forth above.

P.  If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property by foreclosure or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights.

Q.  Notwithstanding the foregoing, to the extent personal liability has been discharged in bankruptcy with respect to any amount payable under the Note, as modified herein, nothing contained herein shall be construed to impose personal liability to repay any such obligation where any obligations have been so discharged. If any bankruptcy proceeding is pending or completed during a time period related to entering this Modification Agreement, I understand that I enter this Modification Agreement voluntarily and that this Agreement, or actions taken by the Lender in relation to this Modification Agreement, does not constitute a demand for payment or any attempt to collect any such obligation.

**5. Tax.** The amount of debt forgiven (your mortgage balance) is generally income to you in the year forgiven, unless you qualify for a tax exclusion. You will be responsible for paying any income taxes due on your mortgage balance forgiven.

Lender will report to you and the Internal Revenue Service the amount of your mortgage balance forgiven on Form 1099-C, as required by law. Form 1099-C will be mailed to you by January 31 of the year following the year of the mortgage balance forgiveness. Please consult your tax advisor if you have any questions

[  ] MERS LOAN. If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

**EXECUTED** effective as of the **day and year** first above written.

ACCEPTED AND AGREED TO **BY**
CitiMortgage, Inc.
successor by merger to
CitiFinancial Mortgage Company, Inc.

By. _ðh K___ ⌐ __

Thomas K. James
Document Control Officer
CitiMortgage, Inc.
_____
Title

__3-21-17__
Date

BORROWER:

_Barbara Elaine Harris_
BARBARA ELAINE HARRIS

_March 8, 2017_
Date

INDIVIDUAL ACKNOWLEDGEMENT
State of ILLINOIS
County of COOK

**On this** ___8___ day of ___March___, in the year **2017**, before me, the undersigned, personally appeared, BARBARA ELAINE HARRIS personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signature(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted executed the instrument.

Notary Public _____

My Commission Expires: ___12-4-19___

> OFFICIAL SEAL
> MIRION GREEN
> NOTARY PUBLIC, STATE OF ILLINOIS
> My Commission Expires Dec 4, 2019

**STATE OF MISSOURI, ST. CHARLES COUNTY**

On _____03/21/2017_____ before me, the undersigned, a notary public in and for said state, personally appeared___ Thomas K. James ___ Document *Control Officer* of CitiMortgage, Inc., personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

JENNIFER J. ZOLPER
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: August 29, 2017
Commission Number: 13521417

**LEGAL DESCRIPTION**

LOT 15 IN ELMORE'S POTTAWATOMIE HILLS, A SUBDIVISION OF THE SOUTHWEST
1/4 OF SECTION 25, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD
PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

# IMPORTANT TAX RETURN INFORMATION BELOW

Account Number:   5001353011

Property Address:
17104 WHITMAN AVENUE
HAZEL CREST IL 60429

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Date of identifiable event 10/02/2017 | OMB No. 1545-1424 | |
|---|---|---|---|
| CBNA OTHER HOLD PORTFOLIO C/O CITIMORTGAGE PO BOX 790005 ST LOUIS MO 63179-0005 SERVICING: 1-800-283-7918** | 2 Amount of debt discharged $ 12,253.58 | **2017** | **Cancellation of Debt** |
| | 3 Interest if included in box 2 $ | Form 1099-C | |

| CREDITOR'S federal identification number 13-5266470 | DEBTOR'S identification number XXX-XX-6787 | 4 Debt description FIRST MORTGAGE | Copy B For Debtor |
|---|---|---|---|
| DEBTOR'S name BARBARA ELAINE HARRIS | | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| Street address (including apt. no.) PO BOX 624 City or town, state or province, country, and ZIP or foreign postal code HOMEWOOD IL 60430-8624 | | 5 If checked, the debtor was personally liable for repayment of the debt. . . . . . . . . . . . . . ▶ [X] | |
| Account number (see instructions) 5001353011 | | 6 Identifiable event code F | 7 Fair market value of property $ |

Form **1099-C**   (keep for your records)   www.irs.gov/form1099c   Department of the Treasury - Internal Revenue Service

━━━━━━━━━━  **IMPORTANT MESSAGES**  ━━━━━━━━━━

This 2017 Form 1099-C contains important tax information for year ending 12/31/17. Please refer to the back of the statement for other important notices and for instructions. Your 2017 Form 1099-C information will be reported to the Internal Revenue Service. Please consult with your tax advisor for any tax related questions. Additional relevant information may be available at the Internal Revenue Service's website at https://www.irs.gov.

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

CBNA OTHER HOLD PORTFOLIO
C/O CITIMORTGAGE
PO BOX 790005
ST LOUIS MO  63179-0005

TTY Services: Dial 711 from the US;
Dial 1-866-280-2050 from Puerto Rico

00043635 1    26785272 TTD 00003635

BARBARA ELAINE HARRIS
PO BOX  624
HOMEWOOD IL 60430-8624

CBNA OTHER HOLD PORTFOLIO
C/O CITIMORTGAGE
PO BOX 790005

# IMPORTANT TAX RETURN INFORMATION BELOW

**Account Number:**   5001353011

**Property Address:**

17104 WHITMAN AVENUE
HAZEL CREST IL 60429

☐ **CORRECTED (if checked)**

| CREDITOR'S name, street address, city or province, country, ZIP or foreign postal code, and telephone no. | 1 Date of identifiable event 10/04/2018 | OMB No. 1545-1424 | |
| CBNA OTHER HOLD PORTFOLIO | | **2018** | **Cancellation of Debt** |
| C/O CITIMORTGAGE | 2 Amount of debt discharged | | |
| PO BOX 790005 | $ 12,253.58 | Form 1099-C | |
| ST LOUIS MO 63179-0005 | 3 Interest if included in box 2 | | |
| SERVICING: 1-800-283-7918** | $ | | |

| CREDITOR'S TIN | DEBTOR'S TIN | 4 Debt description | **Copy B** **For Debtor** |
| 13-5266470 | XXX-XX-6787 | FIRST MORTGAGE | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |

| DEBTOR'S name | 5 If checked, the debtor was personally liable for repayment of the debt . . . . . . . . . . . ▶ ☒ | |
| BARBARA ELAINE HARRIS | | |

| Street address (including apt. no.) | 6 Identifiable event code | 7 Fair market value of property |
| PO BOX 624 | F | $ |

| City or town, state or province, country, and ZIP or foreign postal code | | |
| HOMEWOOD IL 60430-8624 | | |

| Account number (see instructions) | | |
| 5001353011 | | |

Form **1099-C**   (keep for your records)   www.irs.gov/Form1099C   Department of the Treasury - Internal Revenue Service

---

**IMPORTANT MESSAGES**

---

This 2018 Form 1099-C contains important tax information for year ending 12/31/18. Please refer to the back of the statement for other important notices and/or for instructions. Your 2018 Form 1099-C information will be reported to the Internal Revenue Service. Please consult with your tax advisor for any tax related questions. Additional relevant information may be available at the Internal Revenue Service's website at https://www.irs.gov.

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.

TTY Services: Dial 711 from the US;

7/25/17 10:07AM

Model Plan
11/22/2013

*See page 2*

Trustee: ■ Marshall   ☐ Meyer
☐ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                      )   **Case No. 17-10560**
                                            )
Barbara E Harris                            )
                                            )
            Debtors.                        )   **Modified Chapter 13 Plan, dated 7/25/17**

■   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2** ; (b) their ages are **Debtor , 31** ; (c) total household monthly income is $ **4,834.00** ; and (d) total monthly household expenses are $ **4,087.00** , leaving $ **747.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **63.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ____ months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

Best Case Bankruptcy

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/
■ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: **Centier Bank**_____, monthly payment, $ **169.22**_____
Creditor: **Citimortgage Inc**_____, monthly payment, $ **687.76**_____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ **747.00** monthly for **36** months [and $ **monthly for an additional** **months**], for total payments, during the initial plan term, of $ **26,892.00** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disburse-ments by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **10.00**% of plan payments; and during the initial plan term, totaling $ **2,689.20** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**2**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

049263    30808049312011

# CENLAR®
CENTRAL LOAN ADMINISTRATION & REPORTING

PO Box 77404
Ewing, NJ 08628
**STATEMENT ENCLOSED**

| | |
|---|---|
| Statement Date: | |
| Account Number: | |
| Payment Date | |
| Payment Amount | |

**Contact Us**
**Customer Service/Pay By Phone:** 85
**Website:** https://www.loanadministratio
**E-mail:** customerservice@loanadminis

*Qualified Written Requests, notificat
requests for information concerning y
directed to PO Box 77423 Ewing

+ 0301203 000091384 09CLST 0929460 M0 1AF041 P1 CT
BARBARA ELAINE HARRIS
PO BOX 624
HOMEWOOD IL 60430-8624

**Bankruptcy Message**

**Our records show that you are a debtor in bankruptcy. We are sending this
statement to you for informational and compliance purposes only. It is not an
attempt to collect a debt against you.**
If your bankruptcy plan requires you to send your regular monthly mortgage
payments to the Trustee, you should pay the Trustee instead of us. Please contact
your attorney or the Trustee if you have questions.
**If you want to stop receiving statements, write to us.**

**Explanation of Payment Amount** (Post-Pe

| | |
|---|---|
| Principal | |
| Interest | |
| Escrow (for Taxes and Insurance) | |
| Other *place deferred balance* | *12,25* |
| **Regular Monthly Payment*** | |
| Total Fees & Charges Since Last Statement | |
| Past Unpaid Amount | |
| **Total Payment Amount** | |

*The payment amount does not include any amount
before you filed for bankruptcy but may include amo
pursuant to a court order in your bankruptcy case.

## Account Information

| | |
|---|---|
| Property Address | 17104 WHITMAN AVE |
| | HAZEL CREST, IL 60429 |
| Outstanding Principal | *83,191.51* ~~$83,290.10~~ |
| Interest Rate | 3.0000% |
| Prepayment Penalty | NONE |

## Transaction Activity (02/01/2019 to 04/30/2019)

| Date | Description | Charges | |
|---|---|---|---|
| 04/18/19 | 04/2019 PAYMT - THANK YOU | | |

*after the april + May payments applied:*
*principal bal. 83,191.51   escrow 2,497.20*
*Interest 1043.83   Taxes paid year to date*



## Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $98.59 | $392.88 |
| Interest | $208.47 *1043.83* | ~~$835.36~~ |
| Escrow (Taxes and *transferred* Insurance) | $399.05 *1,699.10* | ~~$1,596.20~~ |
| Other | $0.00 | $0.00 |
| +Fees | $0.00 | $0.00 |
| *Unapplied Funds | $0.00 | $0.00 |
| **Total** | $706.11 | $2,824.44 |

## Important Messages

We may not have received all of your mortgage pay
filed for bankruptcy.
This statement may not show recent payments you s
the Trustee has not yet forwarded to us. Please contact
Trustee if you have questions.
*Unapplied Funds: Any partial payments included her
your mortgage, but instead are held in one or more sep
accounts. Once we receive funds equal to a full monthly
apply those funds to your mortgage.
+Fees - If your Chapter 13 plan requires you to pay inte
being paid through the plan, such interest amount shall
section.

## Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)

| | |
|---|---|
| Paid Since Last Statement | $0.00 |
| Total Paid During Bankruptcy | $513.80 |
| Current Balance | $1,067.28 |

This box shows amounts that were past due v
bankruptcy. It may also include other allowed
mortgage loan. The Trustee is sending us the
here. These are separate from your regular m
payment.

*9-1*
*Claim paid   see receipts*



**Loan Statem**

PO Box 77404
Ewing, NJ 08628
**STATEMENT ENCLOSED**

Statement Date:
Account Number:
Payment Date
Payment Amount *due June 201*

**Contact Us**
**Customer Service/Pay By Phone:** 8!
**Website:** https://www.loanadministrati
**E-mail:** customerservice@loanadmini:

*Qualified Written Requests, notifica
requests for information concerning y
directed to PO Box 77423 Ewin*

```
+ 0301629 000135171 09CLST 092946D M0 1AF041 -D P1 CT
```
BARBARA ELAINE HARRIS
PO BOX 624
HOMEWOOD IL 60430-8624

**Bankruptcy Message**
Our records show that you are a debtor in bankruptcy. **We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.**
If your bankruptcy plan requires you to send your regular monthly mortgage payments to the Trustee, you should pay the Trustee instead of us. Please contact your attorney or the Trustee if you have questions.
**If you want to stop receiving statements, write to us.**

**Explanation of Payment Amount** (Post-Pe
Principal
Interest
Escrow (for Taxes and Insurance)
~~Other~~ *place deferred balance*
Regular Monthly Payment*                    *12, 2*
Total Fees & Charges Since Last Statement
Past Unpaid Amount
    **Total Payment Amount**

*The payment amount does not include any amount
before you filed for bankruptcy but may includes amc
pursuant to a court order in your bankruptcy case.

**Account Information**

| Property Address | 17104 WHITMAN AVE HAZEL CREST, IL 60429 |
|---|---|
| Outstanding Principal | *83,191.51* ~~$83,290.10~~ |
| Interest Rate | 3.0000% |
| Prepayment Penalty | NONE |

**Transaction Activity (05/01/2019 to 05/01/2019)**

Date     Description                                    Charges
*after the april + May payments applied*
*principal bal. 83,191.51    Taxes paid year to da*
*Interest  1043.83                2*
*escrow    2,497.20*



**Past Payments Breakdown**

|  | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $392.88 |
| Interest | $0.00  *1043.83* | ~~$835.36~~ |
| Escrow (Taxes and Insurance) *transfered* | $0.00  *1,699.10* | ~~$1,596.20~~ |
| Other | $0.00 | $0.00 |
| +Fees | $0.00 | $0.00 |
| *Unapplied Funds | $0.00 | $0.00 |
| **Total** | **$0.00** | **$2,824.44** |

**Important Messages**
We may not have received all of your mortgage pa
filed for bankruptcy.
This statement may not show recent payments you se
the Trustee has not yet forwarded to us. Please contac
Trustee if you have questions.
*Unapplied Funds: Any partial payments included he
your mortgage, but instead are held in one or more sep
accounts. Once we receive funds equal to a full month
apply those funds to your mortgage.
+Fees - If your Chapter 13 plan requires you to pay int
being paid through the plan, such interest amount shal
section.

**Summary of Amounts Past Due Before Bankruptcy Filing (Pre-Petition Arrearage)**

| Paid Since Last Statement | $0.00 |
|---|---|
| Total Paid During Bankruptcy | $513.80 |
| Current Balance | $1,067.28 |

*9-1*

This box shows amounts that were past due
bankruptcy. It may also include other allowed
mortgage loan. The Trustee is sending us the
here. These are separate from your regular r
payment.

*Claim paid    See receipts*          *na*

*I Never applied for the modification,
My Modification was finalized & recorded 3/28/17,
Cenlar is
the servicer,
Citi investor owns the loan. See enclosed proof
of owner ship.*

4771907906 MO

# CENLAR®
CENTRAL LOAN ADMINISTRATION & REPORTING

May 16, 2019

Hours of operation:
Customer Service: Monday - Friday, 8:30 AM to 8:00 PM ET
Collections Dept.:Monday - Friday, 8:30 a.m. to 10:00 p.m. ET

Barbara Elaine Harris
PO Box 624
Homewood, IL 60430-8624

**Qualified Written Requests**, notifications of error, or requests for information concerning your loan must be directed to: PO Box 77423, Ewing, NJ  08628

RE: Loan Number:  4771907906
Property Address: 17104 Whitman Ave
                  Hazel Crest IL 60429

Dear Customer:

We have received your request to be considered for a loan modification or other foreclosure alternative.

Within 5 business days, we will review the documentation you provided and notify you by mail if further information is needed.

We estimate that it will take approximately 30 days to review your completed loan modification application/borrower response package. The loan modification or foreclosure alternative process includes our review of your documentation. When a loan modification package/borrower response package is received, it is reviewed for any missing items. If the package is deemed incomplete, a letter will be sent listing the missing items and for a reasonable period of time, attempts to contact the borrower will be made to try and collect missing documents. During this time, collection and foreclosure attempts will also continue unless the requested information is provided. Once a complete package is received the package is reviewed by an underwriter for a decision. A decision is rendered within 30 days of receipt of a complete package. Foreclosure and collection activity will cease during the 30 day review period unless further information is required. Once a decision is made we will attempt to contact the borrower by phone to discuss the decision. The decision relating to your application will be provided to you in writing.

This letter and the loan workout review process shall not waive any of our rights or your obligations under the note or mortgage. In other words, you are responsible to continue making your loan payments (to the extent that you have not been relieved of your obligations under the note if discharged in a Chapter 7 Bankruptcy proceeding.)

In order to complete a review of your file, we may need to perform an interior appraisal/valuation and your assistance to allow the vendor(s) timely and sufficient access to the property for this purpose is required. If we order an appraisal/valuation to determine the property s value and charge you for this appraisal/valuation, we will promptly give you a copy of any appraisal/valuation, even if your loan does not close. You can pay for an additional appraisal/valuation for your own use at your own cost.

Loss mitigation options may have costs associated with them that you may be responsible for after completion of loss mitigation. Examples of these costs include title searches, appraisals and valuations. The costs may vary depending on the loan information, geographic area, etc. Please contact us for information on costs that may be associated with your loss mitigation evaluation.

LM002 038 MT2 MO  (LM012) (BO)

Loan Number: 4771907906

Please note that you can seek assistance at no charge from a HUD-approved housing counselor and can request assistance in understanding these notices by calling the HOPE Hotline number at 888-995-HOPE.

Sincerely,

Loan Workout Department

This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

**NOTICE REGARDING DEBT DISCHARGED IN BANKRUPTCY –** If you have received a discharge of your personal liability in connection with the mortgage loan referenced in this notice, this notice is for informational purposes only and is not an attempt to collect a debt that has been discharged as the result of a bankruptcy proceeding.  You no longer have any personal liability in connection with this mortgage loan and nothing in this notice is intended to state or imply otherwise.  This notice is being sent with respect to our lien rights against the mortgaged property only.  Any action taken is for the sole purpose of protecting our lien interest in the mortgaged property including the right to foreclose the mortgaged property.  If you wish to retain your property, you may pay the amount due under the loan. Failure to make such payments to retain your property may only result in our exercising any lien rights against the mortgaged property and will not result in any personal liability to you.

**NOTICE REGARDING THE BANKRUPTCY AUTOMATIC STAY –** This notice is for informational purposes only and is not an attempt to collect a debt in violation of the bankruptcy automatic stay.  If you are in an active bankruptcy, your loan will be administered in your bankruptcy case.  You have no affirmative obligation to respond to this notice, but we do ask that you provide us with your bankruptcy case number, chapter, jurisdiction, and your attorney s name and phone number so that we may properly code your account to reflect your active bankruptcy case status.

LM002 038 MT2 MO  (LM012) (BO)



Page 2

## Escrow Account Disclosure Statement

REPRESENTATION OF PRINTED DOCUMENT

Account Number:          5001353011-3
Analysis Date:           April 01, 2019
Account History - Release for Servicing Analysis

### Account History

| | ITEM | ACTUAL PAYMENTS | PROJECTED PAYMENTS | INCREASE/ DECREASE |
|---|---|---|---|---|
| Please note the increases/decreases that may have occurred from the projections. This has impacted the shortage/surplus in this analysis reflected on the front side of this statement. | HAZARD INSURANCE | 1,372.00 | 1,426.00 | -54.00 |
| | COMBINED TAXES | 3,828.86 | 3,416.59 | 412.27 |

This is a statement of actual activity in your escrow account from June 1, 2018 through April 01, 2019.
This section provides last year's projections and compares it with actual activity.

Your most recent monthly mortgage payment during the past year was $706.11 of which $307.06 was for principal and interest and $399.05 was credited to your escrow account.

| MONTH | ACTUAL PAYMENTS TO ESCROW ACCOUNT | PROJECTED PAYMENTS TO ESCROW ACCOUNT | ACTUAL PAYMENTS FROM ESCROW ACCOUNT | PROJECTED PAYMENTS FROM ESCROW ACCOUNT | DESCRIPTION | ACTUAL ESCROW RUNNING BALANCE | PROJECTED ESCROW RUNNING BALANCE |
|---|---|---|---|---|---|---|---|
| Starting Balance: | | | | | | $2,963.47 | $3,432.82 |
| JUN 18 | 403.55 | 403.55 | 1,372.00 | .00 * | HAZARD INSURANCE | 1,995.02 | 3,836.37 |
| JUN 18 | .00 | .00 | 63.01 | .00 * | ESCROW REFUND | 1,932.01 | 3,836.37 |
| JUL 18 | .00 | 403.55 * | .00 | 1,426.00 * | HAZARD INSURANCE | 1,932.01 | 2,344.57 |
| JUL 18 | 403.55 | .00 * | 1,803.45 | 1,537.47 * | COUNTY TAX | 532.11 | 807.10 |
| AUG 18 | 399.05 | 399.05 | .00 | .00 | | 931.16 | 1,260.15 |
| SEP 18 | .00 | 399.05 * | .00 | .00 | | 931.16 | 1,659.20 |
| OCT 18 | 399.05 | 399.05 | .00 | .00 | | 1,330.21 | 2,058.25 |
| NOV 18 | 798.10 | 399.05 * | .00 | .00 | | 2,128.31 | 2,457.30 |
| DEC 18 | 399.05 | 399.05 | .00 | .00 | | 2,527.36 | 2,856.35 |
| JAN 19 | .00 | 399.05 * | .00 | .00 | | 2,527.36 | 3,255.40 |
| FEB 19 | 798.10 | 399.05 * | 2,025.41 | 1,879.12 * | COUNTY TAX | 1,300.05 | 1,775.33 |
| MAR 19 | 399.05 | 399.05 | .00 | .00 | | 1,699.10 | 2,174.38 |
| APR 19 | .00 | 399.05 * | 1,699.10 | .00 * | TRANSFER TO NEW SERVICER | .00 | 2,573.43 |
| Totals: | $5,999.50 | $4,398.55 | $6,962.97 | $4,842.59 | | | |

*1,699.10*

An asterisk (*) indicates a difference from a previous estimate either in the date or amount. Payment differences of $2.00 or less will not be marked with an asterisk.

The escrow balance has been sent to the new servicer of your mortgage loan.

This is an attempt to collect a debt and any information obtained will be used for that purpose.